IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

James Dale Ward,                          )          Case No. 6:25-cv-1179-DCC
                                          )
                    Plaintiff,            )
                                          )
v.                                        )          **ORDER**
                                          )
                                          )
Anderson Greenville LLC *d/b/a Fred       )
*Anderson Honda*,                         )
                                          )
                    Defendant.            )
_____ )

This matter is before the Court upon Defendant's Motion to Dismiss.  ECF No. 8.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this

matter was referred to United States Magistrate Judge William S. Brown for pre-trial

proceedings and a Report and Recommendation ("Report").   The Magistrate Judge

issued a Report recommending that Defendant's Motion be granted in part and denied in

part.  ECF No. 15.  Plaintiff and Defendant both filed objections to the Report, and each

party filed a reply.  ECF Nos. 19, 20, 23, and 25.  This Order will address both parties'

objections.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court.   The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

### *Motion to Dismiss*

As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Plaintiff alleges a state law claim for breach of contract and a claim for discrimination under the Age Discrimination in Employment Act ("ADEA"). For the reasons stated below, the Court agrees with the recommendations of the Magistrate Judge that Defendant's Motion to Dismiss Plaintiff's ADEA claim should be denied and the Motion to Dismiss Plaintiff's breach of contract claim should be granted. Because objections were filed, the Court's review has been de novo.

#### Breach of Contract

To overcome the presumption of employment at-will, the plaintiff must plead facts sufficient to plausibly allege the parties entered into a contract for a definite term. *See Cape v. Greenville Cnty. Sch. Dist.*, 618 S.E. 2d 881, 883 (S.C. 2005). Under South

2

Carolina law, a contract for a definite term can be bilateral or unilateral. *See Sauner v. Pub. Serv. Auth. of S.C.*, 581 S.E.2d 161, 165–66 (S.C. 2003). The elements of a bilateral contract are an offer, acceptance, and consideration through an exchange of mutual promises. *Id.* at 166. Similarly, a unilateral contract requires a showing of a specific offer, communication of the offer to the employee, and performance of job duties in reliance of the offer. *Prescott v. Farmers Telephone Co-op., Inc.*, 516 S.E.2d 923, 926 (S.C. 1999).

The Magistrate Judge recommends dismissal of Plaintiff's breach of contract claim because Plaintiff's Complaint fails to overcome the presumption of at-will employment.[1] He further found that Plaintiff failed to allege that he entered into a definite employment contract due to of a lack of consideration. The Magistrate Judge specifically determined that Plaintiff failed to allege a definite unilateral contract because he did not assert that he performed job duties in reliance on Defendant's offer.

Plaintiff objects and argues that the Magistrate Judge erred by finding Plaintiff failed to allege consideration. ECF No. 20 at 11. Plaintiff specifically asserts that, under the master of the offer doctrine, he accepted Defendant's offer in the manner designated by Defendant, i.e., by attending the scheduled orientation meeting and registering as an employee in the employee portal. *Id.* at 4-5. Plaintiff further states that this manifestation

---

[1] Plaintiff objects to the Magistrate Judge's presumption of at-will employment contracts and argues the presumption was used to heighten the requirements of acceptance. ECF No. 20 at 8. The Court finds the Magistrate did not use the presumption to heighten the requirements of creation of a unilateral contract but instead found the requirements of a unilateral contract were not met and therefore failed to rebut the presumption that Plaintiff's employment was at-will. The fact that Plaintiff is alleging Defendant made him an offer for guaranteed employment for six months is irrelevant to whether the at-will presumption applies in the absence of facts sufficient to plausibly allege Defendant's offer was accepted and a definite contract was formed.

of acceptance was sufficient to accept Defendant's offer of six months of guaranteed employment. *Id.* at 5. Plaintiff also asserts that the Magistrate Judge failed to consider facts that distinguish the instant Complaint from the Complaint in Plaintiff's prior action that was dismissed for failure to state a claim. *Id.* at 6. Specifically, Plaintiff argues the allegation in Paragraph 15 that Plaintiff received a "Welcome to the Team Kit" and employee handbook from Defendant provides evidence that Defendant believed a valid contract had been formed. *Id.* at 10. Finally, Plaintiff asserts that his performance of acts required by Defendant to accept the offer was sufficient consideration.[2] *Id.* at 11.

Upon review, the Court agrees with the recommendation of the Magistrate Judge that Plaintiff's claim should be dismissed. Plaintiff has failed to allege consideration in a bilateral contract because he did not allege any facts to show he exchanged mutual promises with Defendant. As the Magistrate Judge stated, Plaintiff did not allege he promised to remain employed by Defendant in exchange for Defendant's offer of employment. Further, Plaintiff failed to show he promised to provide any items or services that could have acted as consideration in a bilateral contract.

Plaintiff also fails to rebut the presumption that his employment was at-will because he did not establish he entered a unilateral contract for a definite term. Under the language of *Prescott*, Plaintiff was required to state facts sufficient to plausibly allege he

---

[2] Plaintiff also argues the Magistrate Judge erred by applying a "mutuality of obligation" requirement to a unilateral contract claim. ECF No. 20 at 12. The Court finds the Magistrate Judge did not improperly apply a requirement of mutual obligations to establishing a unilateral contract. Instead, the Magistrate Judge used the mutuality requirement to explain how a bilateral contract is formed and that unilateral contracts are not formed through a mutuality of obligations.

performed job duties in reliance on Defendant's offer.[3] Plaintiff's allegation that he accepted the offer in the manner required by Defendant overlooks the text of *Prescott*, which specifically requires performance of job duties as consideration. Indeed, South Carolina courts have not extended the master of the offer doctrine to employment cases because, as required by *Prescott*, performance of job duties is an essential element in the formation of such a unilateral contract. *See generally Weaver v. John Lucas Tree Expert Co.*, No. 2:13-CV-01698-PMD, 2013 WL 5587854, at *6 (D.S.C. Oct. 10, 2013) ("Construing the Complaint in the light most favorable to the Plaintiff, the Court finds Plaintiff performed the job of manager of the Company's South Carolina division in reliance on the aforementioned communicated offer."); *Monroe v. Brawo USA, Inc.*, No. CV 6:19-2268-HMH-KFM, 2019 WL 5790826, at *2 (D.S.C. Oct. 9, 2019), *report adopted*, 2019 WL 5784989 (D.S.C. Nov. 6, 2019) ("While the factual allegations in the plaintiff's complaint are somewhat scant, accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in favor of the plaintiff, he has pled a claim to relief for breach of contract that is plausible on its face. He alleges that he agreed to work for the defendant as a maintenance manager for $12,500 per month in salary, he performed the

---

[3] Plaintiff argues the Magistrate Judge's reliance on *Prescott* is misplaced because *Prescott* focused on the offer element of a unilateral contract rather than the acceptance element. ECF No. 20 at 6-7. Plaintiff also argues his situation is distinguishable from *Prescott* because he alleges Defendant required specific actions to accept the offer. However, it appears that the requirement of performance of job duties, established in *Prescott*, is applicable to all unilateral employment contracts. Further, the specific issue and situation in *Prescott* need not exactly align with the present situation, for the rule to apply. Thus, Plaintiff was required to allege he performed job duties in reliance on Defendant's offer.

work, the defendant breached the agreement by failing to pay him for one month of work, and he suffered damages in the form of unpaid wages as a result of the breach . . . .”). Moreover, the case relied on by Plaintiff does not explicitly adopt the master of the offer doctrine under South Carolina law. *See S. Glass & Plastics Co., Inc. v. Kemper*, 732 S.E.2d 205, 212 (S.C. Ct. App. 2012).[4] Rather, that court found that the plaintiff accepted the defendant's offered prices both through performance of the job duties and verbal acceptance. *Id.* Thus, the case on which Plaintiff bases his argument is both factually and legally distinguishable.

Having found Plaintiff failed to allege consideration in either a unilateral and bilateral contract, the Court overrules Plaintiff's objections with respect to Paragraph 15. Plaintiff's allegations that he received Defendant's employee handbook and a "Welcome to the Team Kit" do not support a finding that the parties exchanged mutual promises to form a bilateral contract. Additionally, the allegations in Paragraph 15 do not establish that he performed job duties for Defendant, as required to establish a unilateral contract of employment. Accordingly, the Motion to Dismiss is granted as to this claim.

### *ADEA Claim*

To state a claim under the ADEA, a plaintiff must plead sufficient facts to plausibly allege that (1) the plaintiff is over 40 years of age, (2) he experienced discrimination by

---

[4] In *S. Glass & Plastics Co., Inc. v. Kemper*, the South Carolina Court of Appeals analyzed how four states and one federal circuit of appeal has analyzed similar issues involving formation of a unilateral contract. 732 S.E.2d at 209-12. The court acknowledged that North Carolina recognizes the master of the offer doctrine but did not explicitly adopt the doctrine or apply the doctrine to the facts presented. *Id.*

his employer, and (3) the discrimination was because of his age. *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020). Here, it is undisputed that Plaintiff was over the age of 40 at the time he was either not hired or terminated by Defendant. Accordingly, the issue is whether the Complaint plausibly alleged Plaintiff was discriminated against because of his age. The Magistrate Judge determined that Plaintiff alleged sufficient facts that would allow for a reasonable inference that Plaintiff was discriminated against due to his age. He found that Plaintiff's stated facts concerning his qualifications, his replacement's inferior age and qualifications, and Defendant's pretextual reasons for terminating Plaintiff, raised a right to relief above the speculative level.

Defendant objects and argues that Plaintiff's ADEA claim should be dismissed because his Complaint fails to state nonconclusory allegations that show Defendant terminated Plaintiff because of his age. *See* ECF No. 19. Defendant contends that Plaintiff's allegations that his replacement was substantially younger and less qualified is repeated "almost verbatim" from Plaintiff's previous complaint where the Court held those allegations were too conclusory and dismissed Plaintiff's ADEA claim. *Id.* at 6. Defendant asserts that Plaintiff's allegations of pretextual reasons for Defendant's employment decision do not plausibly state a claim for age discrimination because they are both unsupported and insufficient. *Id.* at 8-10.

Here, the Court finds that Plaintiff has alleged facts that plausibly state a claim upon which relief can be granted. When taken together, his statements support an inference that Defendant's employment choice was made because of Plaintiff's age. In the instant Complaint, Plaintiff's assertion that he was qualified for the sales manager

7

position but was replaced by someone substantially younger and less qualified is not conclusory because it is supported by factual allegations. Plaintiff supports his assertion that he was qualified by alleging that he had been employed as sales manager position for 17 years at Breakaway Honda while the dealership was owned by the previous owner. Plaintiff further shows his qualifications with the allegation that under his management, Breakaway Honda led the state in Honda sales. He also asserts that his replacement was substantially younger and worked at a Honda dealership with lower sales, supporting the allegation that Plaintiff's replacement was less qualified than him.[5] Plaintiff generally states that the reasons given by Defendant for its employment decision is pretexual; however, as noted by the Magistrate Judge, such is not fatal to his claim. ECF No. 15 at 9–10 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). Moreover, the Court overrules Defendant's objections that the cases cited by the Magistrate Judge supporting denial are factually distinct from the present situation. ECF No. 19 at 10-12. The cases cited by the Magistrate Judge support the proposition that to survive a motion to dismiss, Plaintiff does not have to plead a prima facie case of age discrimination to state a plausible claim. *See Stanislaus v. White*, 192 F. Supp. 2d 426 (D. Md. 2002); *Wilson v. Nash Edgecombe Econ. Dev., Inc.*, No. 5:19-CV-322-FL, 2020 WL 5594538, at *1 (E.D.N.C. Sept. 18, 2020). Accordingly, Defendant's Motion to Dismiss is denied as to this claim.

---

[5] The allegation that Plaintiff's replacement is less qualified than Plaintiff is distinguishable from the cases cited by Defendant and the complaint in Plaintiff's previous case because the present claim is supported by additional facts regarding Breakaway Honda's sales under Plaintiff's management and the sales of his replacement's dealership.

## CONCLUSION

Accordingly, upon review, the Court agrees with the recommendation of the Magistrate Judge.  Defendant's Motion to Dismiss [8] is **GRANTED in part** and **DENIED in part**.  Plaintiff's breach of contract claim is dismissed without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 23, 2026
Spartanburg, South Carolina